**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL A. CRABTREE, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS** 4115 Chesapeake Street, N.W. Washington, D.C. 20016, | ) ) ) ) ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **S.R.C. CONTRACTORS, INC.** 2306-10 Adams Avenue, Philadelphia, Pennsylvania 19124, | ) ) ) ) |
| **Defendant.** | ) |

**COMPLAINT**

**(TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE PENSION BENEFIT FUND)**

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

**PARTIES**

1. Plaintiff, Michael A. Crabtree, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (hereinafter "Central Pension Fund"). The Central Pension Fund is an employee pension benefit plan as that term is defined in Section 3(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(2). The Central Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension

Case 1:19-cv-03664-BAH   Document 1   Filed 12/09/19   Page 2 of 7

Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff, Michael A. Crabtree, Chief Executive Officer of the Central Pension Fund, is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Central Pension Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

2. Defendant S.R.C. Contractors, Inc. is a Pennsylvania corporation with an office located at 2306-10 Adams Avenue, in Philadelphia, Pennsylvania, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## **JURISDICTION AND VENUE**

3. This is an action to collect contributions due to an employee pension benefit plan under the terms of a collective bargaining agreement and a trust agreement. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

**FACTS**

6. Defendant has been bound at all relevant times to Collective Bargaining Agreements with International Union of Operating Engineers Local Union No. 542 ("Agreements") that govern the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant within the jurisdictions of the Local Union.

7. Pursuant to the Agreements, the Defendant agreed to pay certain sums of money to the Plaintiff for certain hours worked by employees of the Defendant performing work covered by the Agreements.

8. It is the responsibility of the Defendant to notify the Plaintiff of the number of hours worked or paid to its employees with a document known as a remittance report or contribution report, which is prepared by employers on a self-reporting basis. It is the responsibility of employers, like the Defendant, to submit these reports with accurate information.

9. Pursuant to the Agreements, the Defendant agreed to be bound by the Plaintiff's Restated Agreement and Declaration of Trust.

10. During the period of July 2014 to September 2019 the Defendant employed employees performing work covered by the Agreements.

11. During the period of July 2014 through September 2019 the Defendant failed to report and pay all contributions owing to the Plaintiff as required by the Agreements.

12. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

13. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for interest at the rate of 9% per annum.

14. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees and costs.

## COUNT I

### (UNPAID CONTRIBUTIONS OWED TO EMPLOYEE BENEFIT FUND)

15. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth in this Count I.

16. The Defendant has failed to report and pay contributions owed to the Plaintiff as required by the Agreements on account number 224832 for the period of July 2014 through September 2019. Based on information or reports prepared by the Defendant and submitted to local fringe benefit funds affiliated with the International Union of Operating Engineers Local Union No. 542, the Plaintiff calculates that the amount of contributions owed for this account is $18,438.74.

17. By virtue of the failure to pay contributions as contractually required, the Defendant is in contravention of the Agreements and the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, and Section 515 of ERISA.

18. The Defendant has failed to pay liquidated damages and interest for unpaid contributions owed to the Plaintiff.

19. The Plaintiff is entitled to judgment for all contributions owed, plus all liquidated damages and interest owed on unreported and unpaid contributions, plus costs and attorneys' fees to the date of judgment.

20. The Plaintiff will seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages and attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

**WHEREFORE,** Plaintiff prays judgment for Count I against the Defendant as follows:

A. For unpaid contributions due and owing to the Plaintiff during the period of July 2014 through September 2019 for unreported work performed pursuant to the Agreements within the jurisdictions of International Union of Operating Engineers Local Union No. 542.

B. For liquidated damages, and interest for any late paid and unpaid contributions owed as provided for in the Agreement and Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2) through the date of judgment.

C. For such contributions, interest, and liquidated damages that may accrue and/or are found to be due and owing to the Plaintiff subsequent to the filing of this Complaint, during the pendency of this action, and up to the date of judgment pursuant to the Agreements, Restated Agreement and Declaration of Trust and 29 U.S.C. § 1132(g)(2).

D. Costs and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2), the Agreement and the Restated Agreement and Declaration of Trust through the date of judgment.

E.  Such further relief as the Court deems appropriate.

                        Respectfully submitted,

Dated: December 9, 2019     By:   /s/ Charles W. Gilligan
                                            Charles W. Gilligan (Bar No. 394710)
                                            **O'DONOGHUE & O'DONOGHUE LLP**
                                            5301 Wisconsin Avenue, N.W., Suite 800
                                            Washington, D.C. 20015
                                            Telephone: (202) 362-0041
                                            Facsimile: (202) 237-1200

                                            *Attorneys for the Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 9th day of December, 2019 on the following:

>The Office of Division Counsel
>Associate Chief Counsel (TE/GE) CC:TEGE
>Room 4300
>1111 Constitution Avenue
>Washington, DC  20224
>
>Secretary of Labor
>200 Constitution Ave., N.W.
>Washington, DC  20210
>
>Attention:  Assistant Solicitor for
>            Plan Benefits Security

                                         /s/ Charles W. Gilligan
                                              Charles W. Gilligan